UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRIS RHINE** | **CIVIL ACTION NO. 07-0624** |
| **VS.** | **SECTION P** |
| **ALLEN KELLEY, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 21, 2007,[1] by *pro se* plaintiff Chris Rhine. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Forcht Wade Corrections Center, Keithville, Louisiana, but he complains of an incident that occurred when he was transferred to the Caldwell Correctional Center (CCC), Grayson, Louisiana on January 19, 2007. Plaintiff named CCC's Lieutenant Allen Kelley and Sergeant Bobby Mercer along with the entire Caldwell Parish Sheriff's office as defendants. He seeks $30 million in damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] Plaintiff filed his original complaint in the United States District Court for the Middle District of Louisiana; since the conditions complained of occurred within the jurisdiction of this court, the Magistrate Judge transferred the complaint to this court on April 5, 2007.

### *Statement of the Case*

On January 19, 2007, plaintiff was transferred from the St. Martin Parish Sheriff's Office Breaux Bridge Sub-Station to the CCC. Plaintiff's face was shaved and his eyebrow was cut. CCC Corrections Officers, Lt. Kelley and Sgt. Mercer made comments about plaintiff's sexual orientation and, in front of an unspecified number of other inmates, advised that plaintiff was gay. Kelley and Mercer moved plaintiff into Dorm C and told the inmates there "... that a punk[2] was coming in their dorm..." As a result, "... everybody thought I was a punk and had these guys trying to mess with me in the dorm..." Plaintiff complained that now, everybody thinks he is gay.

Sometime prior to April 7, 2007, plaintiff was transferred to the Franklin Parish Detention Center, Winnsboro, Louisiana. [doc. 6] On June 14, 2007 he was transferred to Forcht Wade Corrections Center in Keithville, Louisiana. [doc. 12]

On May 30, 2007, plaintiff filed a Motion to Appoint Counsel and requesting a transfer to another facility. [doc. 11]

### *Law and Analysis*

**1. Initial Review**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

---

[2] "Punk" is prison slang for a homosexual man. *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004).

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and the exhibits submitted along with the complaint provide a detailed description of the facts relied upon to support his specific theories of liability with respect to each of the defendants. Therefore, further amendment of these pleadings would serve

no useful purpose. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his claims are frivolous.

## 2. Plaintiff's Injury

"[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). For this reason, no compensatory damages may be awarded in a §1983 suit absent proof of actual injury. *Id.*, at 264, 98 S.Ct., at 1052. Accord, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307, 308, n. 11, 106 S.Ct. 2537, 2543, 2543-2544, n. 11, 91 L.Ed.2d 249 (1986). *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). Section 1983 creates no substantive rights; it merely provides for derivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Thus, two elements are required to state a claim for relief under § 1983:(1) that the defendant acted under the color of law, and (2) that the defendant's actions deprived the plaintiff of some right, privilege, or immunity secured by the Constitution or laws of the United States.

Plaintiff claims that the actions of the defendants "... ruined [his] reputation as being a man, now everybody thinks I am gay..." Such allegations merely implicate plaintiff's reputation and are insufficient to establish a cause of action under § 1983. Damage to reputation alone, apart from some more tangible interest such as employment, does not implicate any "property" or "liberty" interest sufficient to invoke the Due Process clause of the Fourteenth Amendment. More must be involved than defamation to establish a §1983 claim under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 701, 712, 96 S.Ct. 1155, 1160, 1166, 47 L.Ed.2d 405

(1976); see *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir.1980).

He also claims that other inmates "... [tried] to mess with [him] in the dorm..."; however, he does not allege that he was physically or sexually assaulted by anyone at CCC. Absent some allegation to establish an actual injury, plaintiff's claim must be dismissed as frivolous.

### 3. *Appointment of Counsel*

Plaintiff seeks court-appointed counsel to assist him in the prosecution of his civil rights case filed pursuant to 42 U.S.C. §1983. [see doc. 11] Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in

determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit.  It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See  Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.  Plaintiff is not excused from trying to procure counsel for himself.  As is shown above, plaintiff's claims are manifestly frivolous, and therefore the appointment of counsel would serve no useful purpose.

Accordingly, plaintiff's request for appointment of counsel should be denied at the present time as the allegations contained in the complaint and plaintiff's motion do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel.

### 4. Transfer

Finally, plaintiff moves for injunctive relief in the form of a transfer to another facility. [doc. 11] Plaintiff has in fact been transferred and therefore his request is moot. See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001)

Accordingly,

Plaintiff's Motion for Appointment of Counsel [doc. 11] is **DENIED;** and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i); and,

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Injunctive Relief in the form of a transfer to another prison **BE DENIED AS MOOT.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 19th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE